WY Natrona County District Court
7th JD
Feb 18 2026 11:04AM
Unassigned
78495039

**FILED**

2026-CV-0115989

*Jill Kroster*

Clerk of District Court
Natrona County
Filed by: Carol Korell

| | | |
|---|---|---|
| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
| | )SS. | |
| COUNTY OF NATRONA | ) | SEVENTH JUDICIAL DISTRICT |

MARC O. NOGLE and 5 N, LLC,     )          Case No. _____

Plaintiffs,

v.

CHARTER OAK FIRE
INSURANCE COMPANY,
A Connecticut Corporation, dba
TRAVELERS INSURANCE

Defendant.

---

## *COMPLAINT*

**COME NOW** Plaintiffs, Marc O. Nogle and 5 N, LLC by and through their attorney, Keith R. Nachbar of Keith R. Nachbar, P.C., and for their Complaint for relief against the Defendant states as follows:

### Jurisdiction and Venue

1. Plaintiff Marc Nogle is an individual and resident of Natrona County, Wyoming.

2. Plaintiff 5 N, LLC, is Wyoming Limited Liability Company having its principal place of business in Natrona County, Wyoming.

3. Defendant Charter Oak Fire Insurance Company (hereinafter "Charter Oak") is a Connecticut insurance company authorized to do

*Nogle v. Charter Oak Fire Insurance Company*
Page 1 of 11

EXHIBIT A

property and casualty insurance business in Wyoming, and doing business in Wyoming as Travelers Insurance Company.

4.    As an insurer licensed to do business in Wyoming, Defendant Charter Oak, its officers, directors, employees, and agents, are charged with knowledge of the laws of the state of Wyoming, more particularly those laws pertaining to the business of insurance, including statutory, regulatory, and common law obligations.

5.    The acts and omissions of the Defendant giving rise to the claims herein occurred within the State of Wyoming, County of Natrona.

6.    The amount in dispute meets this Court's jurisdictional threshold, this Court has jurisdiction over the subject matter and the parties to this dispute, and venue is proper herein.

### Facts Common to All Counts

7.    Plaintiff 5 N, LLC, owns property and a residence in Natrona County, Wyoming located at 14750 W. Hwy 220 (now 16225 State Hwy 220).

8.    Plaintiff Marc O. Nogle is the sole member and owner of 5 N, LLC.

9.    Plaintiffs are policyholders of a homeowner's policy number 5F2117177, issued by Defendant (the "policy"). A copy of the relevant

portions of the insurance policy is attached hereto, marked as Exhibit 1, and incorporated herein by reference.

10.    The policy is a binding and enforceable contract between the parties.

11.    The effective dates of the policy were 2/10/24 to 2/10/25.

12.    Plaintiff 5N, LLC's home has a standing seam metal roof.

13.    On March 4, 2024 a wind storm damaged the standing seam metal roof on Plaintiff's insured residence.

14.    Plaintiffs timely reported a claim to Charter Oak for the damage to the home.

15.    Charter Oak investigated the claim and created a claim estimate to issue a payment to cover the damages suffered by the Plaintiffs.

16.    The deductible for this loss under the policy is $1,000.

17.    Charter Oak offered to pay $9,165.11 for all the damages less the deductible applicable under the policy.

18.    The policy states in pertinent part in the coverage for farm dwellings under B. Coverage A Conditions, section 1.b., as applicable to this claim:

> b.    If the Limit of Insurance on the damaged structure is at least 80% of its full replacement cost as of the time of loss, we will settle the loss based on the smallest of the following amounts:

     (1)    The cost to replace the damaged part of the structure with material of like kind and quality and for like use;

     (2)    The amount actually and necessarily spent to repair or replace the structure; or

     (3)    The applicable Limit of Insurance.

19.    The Plaintiffs' claim is a covered loss under the policy.

20.    Plaintiffs obtained several estimates for repair of the damage to the roof and learned that the material used on the roof is obsolete and no longer available from any supplier.

21.    After obtaining several estimates for repair of the roof, Plaintiffs learned that the least expensive estimate for replacement of the roof with like kind and quality and for like use materials was $72,755.85.

22.    The closest material available was not of like kind and quality and for like use and was a different color and different specification than the remaining roof.

23.    Plaintiffs also learned that even the most minimal repair of their roof with the different materials recommended by Charter Oak would far exceed the amount that Charter Oak offered to pay on this claim.

24.    Plaintiffs advised Charter Oak that the material for the roof

was no longer available and was obsolete and that their claim estimate was insufficient to repair the roof with like kind and quality and for like use materials.

25. Plaintiffs pointed out the shortfall on the amount offered by Charter Oak on this claim and requested that Charter Oak identify a contractor willing to do the repairs for the amount Charter Offered to pay, but Charter Oak was never able to identify such a contractor.

26. Wyoming law provides as follows regarding obsolete roofing materials:

> Unless consent is given pursuant to section 4(a) of this regulation, if the roofing product existing on the insured property at the time of loss is obsolete and there is partial damage, i.e., damage to one or more-facets of the roof, but not the entire roof, it shall be construed that the full roof has been damaged and adjustment shall be made on that basis.

Wyoming Insurance Department Regulations, Ch. 26 § 3(b) (2025).

27. Based on this regulation and Wyoming law, the Defendant Charter Oak is obligated by law to adjust this claim on the basis of damage to the full roof.

28. Those same regulations require investigation into all usual and customary aspects of a roofing claim and shall include identification of the specific roofing product on the insured property.

29. Defendant Charter Oak engaged a contractor to identify the

specific roofing product, but the manufacturer could not be determined. Charter Oak's contractor found similar matches but agreed that the with the similarity rating of available materials a repair "may be candidate for full elevation or non-adjacent slope replacement."

30.   Despite its knowledge that the claim estimate was insufficient to perform the repairs under any circumstance, Charter Oak refused to readjust the claim to allow for any payment beyond the $9,165.11 of its original claim estimate.

31.   Plaintiff suffered damages and losses to his home in the amount of at least $72,755.85 plus other losses covered under the policy.

32.   Defendant Charter Oak has refused to pay the proper amount of the loss so Plaintiff can perform the required repairs to his home.

## COUNT ONE - BREACH OF CONTRACT

33.   Plaintiffs incorporate by reference all previous paragraphs and allegations of the within Complaint as if fully set forth herein.

34.   The policy is an enforceable contract between the Defendant and Plaintiffs.

35.   The Defendant is obligated under the policy to cover Plaintiffs' losses and to pay to Plaintiffs the correct amount of their

losses.

36.    The Defendant has failed and refused to cover Plaintiffs' losses.

37.    The facts do not support the Defendant's refusal to pay the proper amount to cover Plaintiffs' losses.

38.    The Defendant's failure to pay the proper amount for Plaintiffs' losses constitutes a breach of the policy contract.

39.    The Defendant's failure to pay the Plaintiffs' losses has damaged the Plaintiffs in an amount to be proven at trial.

40.    The Plaintiffs are entitled to judgment against Charter Oak in the full amount of their covered losses for their claim, plus interest.

## COUNT TWO – UNFAIR CLAIMS SETTLEMENT PRACTICES AND ATTORNEY'S FEES

41.    Plaintiffs incorporate by reference all previous paragraphs and allegations of the within Complaint as if fully set forth herein.

42.    The Defendant's unjustified refusal to pay the proper amount for Plaintiffs' losses is an unfair claims settlement practice in violation of Wyo. Stat. § 26-13-124(a)(i), (iv), (vi), and (vii), and § 26-13-102 (2025), among others.

43.    The Defendant's refusal to pay the full amount of Plaintiffs' claim is an unfair claims settlement practice and unreasonable or without cause.

44.    The Plaintiffs are entitled to recover their attorney's fees and costs in pursuing this matter, plus interest at ten percent (10%) per year under Wyo. Stat. § 26-15-124(c).

45.    The Court should enter judgment in favor of the Plaintiffs and against the Defendant Charter Oak in the amount of the covered losses, plus attorney's fees and costs, and interest at ten percent (10%) per year.

### COUNT THREE – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

46.    Plaintiffs incorporate by reference all previous paragraphs and allegations of the within Complaint as if fully set forth herein.

47.    The Plaintiffs and the Defendant have a special relationship under the policy contract because the Defendant has superior bargaining power with regard to the policy contract.

48.    The Defendant has failed to deal with the Plaintiffs fairly and in good faith on the resolution of the Plaintiffs' claim under their policy.

49.    The Defendant breached its obligation not to commit an act that would injure the rights of the Plaintiffs to receive the full benefit of the contract between the parties.

50.    Defendant's actions were not consistent with the agreed common purpose and justified expectations of the Plaintiffs that

Plaintiffs would receive the full benefit of the insurance policy issued by Defendant.

51.    The Defendant has refused to pay the proper amount for Plaintiffs' claim on an unsupported conclusion that they do not have to pay for Plaintiffs to properly repair the roof on the home.

52.    The Defendant's actions have defeated the purpose and intentions of the policy language and denied the Plaintiffs their reasonable expectations under the policy contract.

53.    The Defendant's actions have prevented the Plaintiffs from receiving the benefit to which they are entitled under the policy contract.

54.    The Defendant's actions have damaged the Plaintiffs and Plaintiffs are entitled to judgment against the Defendant for all of their damages for their losses as proven at trial.

55.    Plaintiffs are further entitled to judgment for punitive damages against the Defendant because of Defendant's improper actions in handling Plaintiffs' claim under the policy.

### COUNT FOUR – INSURANCE BAD FAITH

56.    Plaintiffs incorporate by reference all previous paragraphs and allegations of the within Complaint as if fully set forth herein.

57.    Under an objective standard, the Defendant had no

reasonable basis to deny a proper payment for the Plaintiffs' claim under Plaintiffs' policy

58.    The Defendant had knowledge or recklessly disregarded the fact that it had no reasonable basis for denying the proper payment for Plaintiffs' claim under Plaintiffs' policy

59.    The denial of Plaintiffs' claims under the policy was not fairly debatable.

60.    The Defendant's actions were unreasonable, oppressive and intimidating and directed against the Plaintiffs to try to get Plaintiffs to abandon pursuing proper payment for their claim under the policy.

61.    The Defendant's actions in denying the Plaintiffs' claim damaged the Plaintiffs.

62.    The Plaintiffs are entitled to an award of compensatory damages as a result of Defendant's actions, plus interest at 10 percent.

63.    The Defendant's actions rise to the level such that Plaintiffs are entitled to an award of punitive damages against the Defendant for Defendant's actions.

64.    Plaintiffs should further be awarded their reasonable attorney's fees and costs incurred in pursuing this matter.

65.    Plaintiffs are entitled to judgment against the Defendant for the damages claimed herein.

**WHEREFORE,** the Plaintiffs respectfully request the following relief:

A.    That as to all counts herein, that the Court enter a judgment for the Plaintiffs' damages for their losses as follows:

1.    Present value of all benefits due under the policy;

2.    Punitive damages in an amount to be proven at trial;

3.    Pre- and Post-judgment interest on all amounts awarded pursuant to law;

4.    Reasonable attorney's fees and costs in an amount to be proven at trial;

5.    Compensation for all other losses and damages caused by Defendant's wrongful denial of the benefits to which Plaintiffs are entitled and can prove at trial; and

B.    That the Court grant such other and further relief as the Court deems just and equitable in the premises.

**DATED** this 16th day of February, 2026.

Marc O. Nogle and 5 N, LLC, Plaintiffs

By: */s/ Keith R. Nachbar*
Bar No. 6-2808
Keith R. Nachbar, P.C.
703 N. Lincoln Street
Casper, WY 82601
307-473-8977
keith@nachbarlaw.com

ATTORNEY FOR PLAINTIFFS